UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN JOSEPH GOOD, #197972,  )<br>   Plaintiff,     )<br>              )<br>-v-             )<br>              )<br>SCOTT GOODELL, *et al.*,    )<br>   Defendants.    )<br>              ) | No. 2:19-cv-222<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Maarten Vermaat, United States Magistrate Judge, who issued a Report & Recommendation (R&R) on February 23, 2022 (ECF No. 96). The R&R recommends that this Court grant Defendants' motion for summary judgment as to Plaintiff Good's conspiracy claim and property-based retaliation claim, and deny Defendants' motion as to Good's access to the courts claim and misconduct-based retaliation claim. The parties were given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Defendants filed one objection to the R&R (ECF No. 100), and Good filed two objections (ECF No. 102). Because there remains a genuine issue of material fact as to Good's access to the courts claim, and because Good's objections failed to raise a genuine issue of material fact as to his property-based retaliation claim, the Court will overrule the parties' objections.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge

reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

This Court conducted a de novo review of the parties' objections. On review of the evidence, the R&R is adopted over their objections.

The Court will begin with Defendants' objection. As to Good's access to the courts claim, the R&R found that there is a genuine issue of material fact as to whether Defendant Goodell was aware of Good's then-upcoming filing deadline in his civil case out of the Eastern District of Michigan,[1] and consequently, whether Defendant Goodell intentionally prevented Good from filing timely objections to an R&R in that matter (ECF No. 96 at PageID.1139-40). The R&R made this determination because Good, via exhibits attached to his complaint (ECF No. 1-2 at PageID.133-34), established that he sent Goodell multiple letters regarding his upcoming filing deadline, and construing the facts most favorable to Good, a genuine dispute of material fact remained as to whether Goodell intentionally denied Good access to the Courts. Defendants object to this finding because they argue that even if Good sent Goodell these letters notifying Goodell of Good's upcoming filing deadline, the record does not support the finding that Goodell *received* Good's letters (ECF

---

[1] *Good v. Heyns*, No. 2:15-cv-12064 (E.D. Mich).

2

No. 100 at PageID.1171). Defendants argue that if Goodell never received Good's letters, there exists no genuine dispute of material fact supporting the finding that Goodell impeded Good's access to the courts.

Construing the facts most favorable to the nonmoving party, Plaintiff Good, the Court will overrule Defendants' objection. Although the letters that Good provided do not show that Goodell received them, they do show that Good sent multiple letters—four to be exact—four days in a row, asking for his legal property in order to meet his pending filing deadline (*see* ECF No. 1-2 at PageID.133-34). The Court finds that it is highly unlikely that Goodell did not receive a single one of these letters.[2] Moreover, after he was unsuccessful in accessing his legal property even after sending the four letters, Good filed a grievance against Goodell expressing his frustration in failing to gain access to his legal property. In this grievance, Good specifically explained the exchange with Goodell where Goodell informed Good that his legal property was being held under a Notice of Intent (*see* ECF No. 1-3 at PageID.137). To which Good alleges he responded, "I have deadlines" before he left the building to avoid a "confrontation" (*Id.*). Again, construing the facts most favorable to Good, Goodell was *at least* aware of Good's filing deadline (which had passed the day before Good filed his grievance) when Good filed his grievance, and he may have even been aware of Good's deadline as early as July 19, 2017, during Good and Goodell's initial exchange regarding the legal property. Given this record evidence, the Court agrees with the R&R's finding that there

---

[2] The Court notes that although the letters were not specifically addressed to Defendant Goodell, Good's legal property was being held under two Notices of Intent, both of which had been written by Goodell (ECF No. 96 at PageID.1134). In other words, Good's legal property that he wished to access was being held pursuant to Defendant Goodell's direction. The Court finds that, construing the facts most favorable to Good, the likelihood that Goodell was not aware of any of Good's letters is minimal, considering the property was being held pursuant to his Notices of Intent.

remains a genuine issue of material fact as to whether Goodell was aware of Good's filing deadline, and consequently, whether he intentionally prevented Good from meeting this deadline. Defendants' objection is thus overruled.

Moving onto Plaintiff Good, the Court will also overrule his objections. Both of Good's objections concern the R&R's recommendation to dismiss his property-based retaliation claim. The R&R recommends dismissal of this claim because it found that there was no causal connection between Good's protected conduct and any adverse action that he may have suffered (*see* ECF No. 96 at PageID.1143-1145).

Good's first objection is that this conclusion is based on an argument that Defendants failed to assert. He thus argues that "the issue of causal connection/motivation was not before the court, and neither party was provided notice the court was going to advance a new basis as grounds on which to grant summary judgment" on the property-based retaliation claim (ECF No. 102 at PageID.1188). Good's objection misses the mark. As the R&R correctly stated, for summary judgment motions, "when the record reveals that there are no genuine issues as to any material fact in dispute[,] . . . the moving party is entitled to judgment as a matter of law" (ECF No. 96 at PageID.1136). Here, the R&R correctly concluded that the record failed to support a causal connection between the protected conduct and any adverse action, and Good has failed to provide any evidence refuting this conclusion. As such, Good's first objection is overruled.

Good's second objection is that the R&R erroneously concluded that there was no causal connection regarding Good's property-based retaliation claim (ECF No. 102 at PageID.1188). This objection reiterates the same speculative arguments that Good has

4

already advanced, and that the Magistrate Judge has rejected, in his complaint and response to Defendants' motion for summary judgment (*see* ECF Nos. 1, 88). These arguments do not constitute a "specific" objection within the meaning of Rule 72 and are not entitled to de novo review. *See Brown*, 2017 WL 4712064, at *2.

Given that there are no errors in the Magistrate Judge's analysis, the Court will accept and adopt the recommendations and findings of the R&R. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 96) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 54) is **GRANTED** as to Good's conspiracy claim and property-based retaliation claim, and it is **DENIED** as to Good's access to the courts claim and misconduct-based retaliation claim.

**IT IS SO ORDERED.**

Date: March 28, 2022                             /s/ Paul L. Maloney
                                                                   Paul L. Maloney
                                                                   United States District Judge